UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Floyd T. Bracey,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. Postal Service;<br>Lari Kern;<br>Jim Jeffcoat;<br>Charles Coble; and<br>All Pooms,<br><br>Defendants. | C/A 3:05-3488-MJP-JRM<br><br>Report and Recommendation |

The plaintiff, Floyd T. Bracey (Plaintiff), proceeding *pro se*, brings this action based on employment discrimination.[1] Plaintiff also files an application to proceed without prepayment of fees under 28 U.S.C. § 1915. The financial information provided by Plaintiff indicates he does not qualify for *in forma pauperis* status, so as discussed herein, he should be required to pay the filing fee. Further, if Plaintiff does not file an amended complaint, the complaint should be dismissed for failure to state a claim upon which relief may be granted.

**_Pro Se_ and _In Forma Pauperis_ Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v.

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978). The complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

This Court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

**Denial of *In Forma Pauperis* Status**

Plaintiff has filed an Application to Proceed Without Prepayment of Fees and Affidavit (AO Form 240), also known as a motion to proceed *in forma pauperis*. In his application, Plaintiff states that he is currently employed, although he does not respond to the question concerning his salary or wages, and the name of his employer. Plaintiff also checked the box on the form indicating that he has received income within the past twelve

months from "[b]usiness, profession or other self-employment." Plaintiff does not indicate the source of the income, but states he has received "45k/yr" and he expects to continue receiving "45k/yr." Plaintiff answered "yes" when asked if he has "any cash or checking or savings accounts," but did not indicate an amount, as instructed. Additionally, Plaintiff indicates he owns cars valued at approximately $17, 000.00, and land worth approximately $15,000.00. Plaintiff does not provide any information concerning dependants. Even with incomplete answers, the application provides sufficient information to make a determination. The information provided states Plaintiff received an annual income of forty-five thousand dollars ($45,000), and anticipates continuing to receive an annual income of forty-five thousand dollars ($45,000).[2] An annual income of forty-five thousand dollars ($45,000) does not indicate poverty.

Plaintiff's application to proceed without payment of the filing fee and costs should be denied for failure to establish the threshold determination of poverty. Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46 (1915)(review under § 1915, to proceed *in forma pauperis,* determination of "the poverty and good faith of the applicant and the meritorious character of the cause in which the relief was asked.") Although a litigant is not required to show that he is completely destitute in order to qualify as indigent within the meaning of 28 U.S.C. § 1915(a), *see* Adkins v. E. I. Du Pont de Nemours & Co., 335 U.S. 331, 337-44 (1948), Plaintiff's showing of an annual income of forty-five thousand dollars

[2] In determining whether Plaintiff should be entitled to proceed without prepayment of costs, "this Court is not bound by plaintiff's economic status on the date of filing. In re Stump, 449 F.2d 1297 (1st Cir. 1971) (additional citations omitted). Rather the Court should, if necessary, take into account all relevant changes in plaintiff's financial condition, both prior to and subsequent to the filing of suit." Carter v. Telectron, Inc., 452 F.Supp. 939, 942 (S.D. Texas 1976).

($45,000.00) is evidence that Plaintiff is far from destitute. Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts. *See* Dillard v. Liberty Loan Corp., 626 F.2d 363, 364 (4th Cir. 1980). One district court has observed that the appropriate disposition of § 1915 applications is not always clear: "'[T]here are no 'magic formulas' for making the determination that the requisite *in forma pauperis* status is present, but instead, there is required a careful scrutiny and weighing of all of the relevant facts and circumstances involved in each particular situation.'" Carter v. Telectron, Inc., 452 F. Supp. at 942 (quoting Dreyer v. Jalet, 349 F. Supp. 452, 459 (S.D. Tex. 1972)). As has been noted many times, the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North American Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972); *see* Failor v. Califano, 79 F.R.D. 12, 13 (M.D. Pa. 1978); Thomas v. Califano, 79 F.R.D. 14, 14-15 & n.2 (M.D. Pa. 1978). Plaintiff must "'confront the initial dilemma which faces most other potential civil litigants: Is the merit of the claim worth the cost of pursuing it?'" Carter, 452 F. Supp. at 944 (quoting Carroll v. United States, 320 F. Supp. 581, 582 (S.D. Tex. 1970)).

The denial of *in forma pauperis* status, if not subsequently cured by payment of the filing fee, could be considered equivalent to an involuntary dismissal. *See* Woods v. Dahlberg, 894 F.2d 187, 187-88 (6th Cir. 1990). There are no clear precedents in the Fourth Circuit as to whether a magistrate judge can deny an application to proceed *in forma pauperis*, considering it could be dispositive. The United States Court of Appeals for the Sixth Circuit addressed this specific question in Woods v. Dahlberg, *supra*, and determined

that a magistrate judge cannot issue a denial to proceed *in forma pauperis*, it must be issued by a district judge. Therefore, this Report and Recommendation has been prepared, so that Plaintiff may obtain review of the undersigned's recommendation by a United States district judge.

**Failure to State a Claim**

Even if Plaintiff is granted *in forma pauperis* status, or chooses to proceed with this action by paying the two hundred and fifty dollar ($250) filing fee, his complaint fails to state a claim. The statement of claim simply states, verbatim: "wrongful discharge; retailiation; negotiation in bad faith; overburdened route; employment discrimination in direct regard to civil rights; as amended later; processing EEO timely." Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's brief recitation contains no factual allegations that state a claim against a defendant. Although the Court is bound to liberally construe his *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. Brown v. Zavaras, 63 F.3d 967 (10th Cir. 1995). *See also* Adams v. Rice, 40 F.3d 72 (4th Cir. 1994) (affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory); White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). The complaint fails to provide sufficient factual allegations to state a claim and should be dismissed.[3]

[3] If Plaintiff files an amended complaint that states a claim, he must show that he has exhausted his administrative remedies. The complaint names the U.S. Postal Service as a defendant. Under 42 U.S.C. 2000e-16, the Postmaster and the U.S. Equal Employment Opportunities Commission (EEOC) have established procedures for handling grievances

**Recommendation**

Accordingly, it is recommended that the Application to Proceed Without Prepayment of Fees be denied. It is also recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* United Mine Workers v. Gibbs, 383 U.S. 715 (1966); *see also* Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

January 26, 2006
Columbia, South Carolina

---

and complaints of employment discrimination. The complaint states "processing EEO timely," which implies Plaintiff has not received a final agency decision. See 29 C.F.R. § 1614.110. A civil action in U.S. District Court is authorized within the limits of 29 C.F.R. § 1614.407.

# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**